IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MS. RAIDEN HONORABLE,

                                                   3:24-cv-00864-JR

        Plaintiff,

                                                 FINDINGS & RECOMMENDATION
     v.                                      and ORDER

JESSICA MAHONEY, JOSEPH PATRICK
MAHONEY,

        Defendants.

_____

RUSSO, Magistrate Judge:

On May 29, 2024, Pro se plaintiff, Ms. Raiden Honorable, initiated this action alleging "human trafficking/fraud/identity theft." On June 11, 2024, the Court granted plaintiff's application for *in forma pauperis* status but dismissed the complaint, with leave to amend, for failure to state a claim. (ECF 4) On June 25, 2024, the Court granted plaintiff's motion for an extension to July 9, 2024, to file the amended complaint.

In her amended complaint, plaintiff asserts "fraud by deception, medical fraud, conspiracy/terrorism, [and] intentional infliction of emotional distress." Amended Complaint (ECF 9) at p. 4.

Plaintiff attaches some 650 pages of material to the complaint in which she alleges that from July 2013 to 2017, defendants Joseph and Jessica Mahoney gained custody of her child after

stalking her with their friends.  ECF 9-1 at p. 9.  Plaintiff alleges, starting in 2007, sexual abuse by

defendant Joseph Mahoney, and an apparent conspiracy with the police and various public officials

to obtain child custody of their daughter during a custody dispute which included "voodoo."  Id.

at pp. 10-11.  Plaintiff further alleges "medical fraud under [her] name starting in 2011 until July

3, 2013," by Phyllis Roper.  Id. at p. 12.  Plaintiff alleges sexual abuse by Roper and "human

experimentation to [her] at a very young age" by Roper's friends and family.  Id.  Plaintiff alleges

various other threats, impregnation of her minor child, drug abuse, stalking, contamination of her

food, and poisoning.  Id. at pp. 13-15.  Plaintiff then alleges she was stalked/abused by a police

officer who tried to ruin her reputation and addict her to drugs.  Id. at pp. 16-18.

Plaintiff's allegations involve action beyond the statute of limitations.  Or. Rev. Stat.

12.110(1).  In addition, the Court is still unable to ascertain the specific allegations against the

named defendants that would entitle plaintiff to relief.  Further much of the allegations are wholly

incredible and to the extent plaintiff intended these allegations to form the basis of her claims, such

claims are dismissed.  Denton v. Hernandez, 504 U.S. 25, 33 (1992) (A finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

incredible, whether or not there are judicially noticeable facts available to contradict them).  The

Court has previously instructed plaintiff of the deficiencies in her complaint and the amended

complaint only repeats those same deficiencies.  Accordingly, it is clear that no amendment can

cure the defects therefore the amended complaint is dismissed without further leave to amend.

## CONCLUSION

Plaintiff's third application for IFP status (ECF 11)) is denied as moot.  In addition, the

Court should dismiss this action without leave to amend, and a judgment should be entered.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 11th day of September, 2024.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge